# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **WILLIAM DAVID HARDEN,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-926-O |
| | § | |
| **ERIC D. WILSON, Warden,** | § | |
| **FMC-Fort Worth,** | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court are federal prisoner William David Harden's ("Harden") amended form petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 6), and Warden Eric Wilson's response with appendix (ECF Nos. 12, 13). After considering the relief sought by Harden, record, related briefing, and applicable law, the Court concludes that Harden's § 2241 petition must be **DISMISSED** for lack of jurisdiction.

**I.   BACKGROUND**

Harden was convicted in the United States District Court for the Northern District of Texas, Abilene Division, of one count of enticement of a child and aiding and abetting in violation of 18 U.S.C. § 2422(b) and 2. J., *United States v. Harden*, No. 1:15-cr-058-O (N.D. Tex. Sep. 20, 2016).[1] He was sentenced to 135 months' imprisonment. *Id.* Harden did not file a direct appeal. He did timely file a § 2255 motion in the convicting court, which was assigned civil case number 1:17-cv-107-O. Although Harden's § 2255 motion was pending when he filed

---

[1] The Court takes judicial notice of the records of Harden's underlying criminal case in this the Northern District of Texas. *See* FED. R. EVID. 201(b)(2) and (c)(1).

1

this § 2241 petition, the § 2255 motion has now been resolved and denied. *Harden v. United States*, No.1:17-cv-107-O (Order and Judgment April 29, 2020).[2] Harden filed the instant § 2241 petition in this the Fort Worth Division where he is housed. Am. Petition 1, ECF No. 6.

## II.    CLAIMS FOR RELIEF

Harden raises challenges to his conviction for enticement of a child under 18 U.S.C. § 2422(b).  First, Harden asserts that the statute "requires intent to persuade the minor herself, and not an adult intermediary"; second, he then claims that his guilty plea was not knowing and voluntary; and finally, he maintains that the "statute on which an indictment is founded must be determined from the facts charged in the indictment, and the facts as pleaded may bring the offense charged within one statute although another statute is referred to in the indictment." Am. Petition 5–6, ECF No. 6.

## III.    ANALYSIS

A motion under § 2255 is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam)). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)). The statutory "savings clause" provides,

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion,

---

[2] The Court also takes judicial notice of the records of Harden's § 2255 proceeding in this the Northern District of Texas. *See* FED. R. EVID. 201(b)(2) and (c)(1).

> to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Under the "savings clause," the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830.

Harden cannot rely on § 2241 merely because he might now be limited in seeking relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904 and *Jeffers*, 253 F.3d at 830).

Harden has not made these showings, and a review of the grounds asserted in his § 2241 petition shows that he cannot make them. First, Harden's claims are not based on a retroactively applicable Supreme Court decision. In fact, Harden is not even relying on a Supreme Court decision in his § 2241 petition. Harden does not cite any Supreme Court decision that reinterprets the elements of his offense of conviction. Accordingly, he does not proceed under § 2241 based upon a claim of a retroactively applicable Supreme Court decision.

Second, Harden does not assert that his claims were foreclosed by circuit law at the time

they should have been raised in his underlying criminal proceeding or in his § 2255 motion. Harden has not met his burden to show that a § 2255 remedy is inadequate or ineffective. In fact, Harden raised some of the claims asserted in this action within his § 2255 motion. The failure to obtain relief under § 2255 does not make the § 2255 remedy unavailable. *Pack*, 218 F.3d at 453.

Third, Harden cannot show that he may have been convicted of a nonexistent offense. Harden fails to cite any cases to establish that he was convicted of a nonexistent offense. Instead, he argues that he did not actually commit the crime of which he was convicted, a similar argument to that presented and rejected in the § 2255 motion. *See Harden v. United States*, No. 1:17-cv-107-O (Order and Judgment April 29, 2020). As noted, simply because his prior § 2255 motion was unsuccessful does not show that the § 2255 remedy is "inadequate or ineffective" within the meaning of the savings clause. "[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy." *Pack*, 218 F.3d at 453. Savings-clause relief is unavailable to Harden.

In sum, as Harden does not contend that he is actually innocent of the charges for which he was convicted based upon a retroactively applicable Supreme Court decision, and as he otherwise fails to satisfy the requisite elements to invoke the savings clause under Fifth Circuit jurisprudence, the Court concludes that Harden is not entitled to relief under § 2241. Thus, Harden's § 2241 petition must be dismissed for lack of jurisdiction. *See Christopher*, 342 F.3d at 385 (finding that a court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).

### IV.     CONCLUSION and ORDER

Accordingly, it is **ORDERED** that William David Harden's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **29th day** of **April, 2020**.

*Reed O'Connor*
**UNITED STATES DISTRICT JUDGE**